A sale by sample in its own nature, is at most an affirmation by the vendor that the specimen exhibited, is a fair sample of the bulk of the commodity. A sale by sample technically so called, is such a sale by the exhibition of a specimen, as amounts to an express warranty that the goods are the same generally, and specifically, as the sample exhibited. (13 Mass. 130 — 12 Wend. 413. Every sale by the exhibition of *Page 104 
a specimen of the article sold, is not therefore necessarily a sale by sample, in the technical sense, any more than an affirmation is necessarily a warranty. It is rather evidence tending to prove a warranty, and from which, in connection with the attending circumstances, a jury may infer that the vendor did not merely intend to express an opinion, or his belief, but to engage that the fact was as represented, and that the vendee purchased upon the faith of that undertaking. (Oneida M. Co. v.Lawrence, 4 Cowen 442 — 3 Term R. 58.)
In Waring v. Mason, (18 Wend. 434, in Error.) The Chancellor remarked, that "the mere showing of a sample of "cotton to the purchaser at the time of sale, is not of itself "an agreement to sell by sample, although it amounts to a "representation that the cotton exhibited has been taken "from the cotton offered for sale in the usual way."
In that case, the vendees agreed to purchase, if the cottonwas equal to the sample exhibited, and desired fresh samples, which corresponded with those first shown.
In the case in the 4 Cowen supra, — the declaration of the vendee was, on exhibiting the samples, "that it was good upland
"cotton, or prime upland Georgia cotton, and that those "were true samples." Some stress in these and other cases, was placed upon the circumstance, that the article sold was not inspected, nor in a situation to be examined, without great inconvenience.
But it seems to me, that too much weight ought not to be attached to a fact of that nature. If the vendor intends merely to express in good faith, his opinion as to the quality of an article of merchandise, it should make no difference in his responsibility, whether the vendee had or had not the power of inspecting it. If he intended to warrant it to be as represented, he should be bound although the purchaser might detect the error by lifting the cloth that covered the parcel. It is a question of contract, or no contract, which like every other, should be established by what was said and done at the time of the sale. *Page 105 
A very cautious man would be likely to examine an article he was about to purchase, notwithstanding an express warranty; one of a different description, would rely upon the integrity and business character of the vendor, without examination, and without any contract express or implied.
The first should not suffer by his vigilance, nor the latter have a contract implied in his favor, which he neither made, nor requested, in consequence of his negligence.
It is said in some of the cases, that the vendee must rely upon the representation; but his confidence will not turn the expression of an opinion, into a warranty, nor the want of it, deprive him of the benefit of a contract actually made. And besides, reliance is just as consistent with one state of facts as the other.
The question in this case is, and should be in all others, what transpired at the sale?
The plaintiff called at the store of the defendant, and asked for French blankets: two or three pair were shown to him. He called again, and saw the same. Plaintiff neither asked for the bales, nor was any thing said about them. The blankets exhibited were sound. Defendant agreed to sell, and plaintiff to buy: and this was the whole of it.
The mere showing of the blankets at the time of sale, was not of itself an agreement to sell by sample, in other words, to warrant the goods. (18 Wend. supra 434.) And yet this was the whole transaction.
The evidence of usage, was a complete failure, as the learned judge conceded; and yet it was left to the jury "as "an item of testimony, to show that both parties intended to "contract upon the sample only."
For this purpose it was unnecessary. By the production of the specimen, the vendor in effect represented that the samples had been taken from the bales in the usual way, and there is no pretence that they were not. Upon this representation the plaintiff purchased.
But the jury were also instructed, that they might consider *Page 106 
this evidence, "as tending to show that a personal examination "of the bulk of the goods sold, was not in the contemplation "of either of the parties."
If this point was material, the evidence was incompetent to establish it. A general usage might have this effect, because the sale would have been made in reference to it. But a practice of a particular individual, resident of another state, whose examination shows that he did not understand the legal import of a sale by sample, and of another witness equally ignorant, but who said, he would open every bale if he thought he could sell them; did not tend to prove any thing, except that the idea of general usage was preposterous. It did not tend to show that either buyer or seller, was influenced by or knew of the practice. The testimony was only calculated to mislead, and it undoubtedly did mislead the jury, or they could not have found a verdict for the plaintiff.
I think the judgment should be reversed.
Judgment reversed